# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JEREMY BLANK,

    **Plaintiff,**

    v.                                **Case No. 19-cv-534**

TAMMY POESCHL,

    **Defendant.**

---

## ORDER

---

On March 16, 2020, I granted plaintiff Jeremy Blank's motion to compel and ordered defendant to produce "all inmate grievances involving First Amendment retaliation filed against defendant while she worked at Redgranite Correctional Institution." (ECF No. 23.) Blank has now filed two additional motions related to that order. (ECF Nos. 24, 28.)

On March 30, 2020, Blank filed a "motion to compel and motion for extension of time." (ECF No. 24.) Blank explains that defendant denied many of his other discovery requests for the same reason she gave in his first motion to compel, which this court rejected. (ECF No. 25.) He asks that the April 24, 2020 discovery deadline be extended so that he can pursue motions to compel for those other discovery requests. (*Id.*)

I will deny the motion for two reasons. First, Blank admits that he "has not yet sent defendant's counsel a letter attempting a resolution for the dispute." (ECF

No. 27 at 1-2.) If Blank believes that the prior order requires defendant to produce other discovery, he must confer with opposing counsel in a good faith attempt to resolve the issue without court action. *See* Civ. L. R. 37. At this time, Blank's motion to compel is premature.

Second, Chief Judge Pamela Pepper recently entered "General Public Order Granting The State Of Wisconsin Department of Justice's Ex Parte Motion For Extension Of Time Due To Extraordinary Circumstances." The general order stays all deadlines that fall within the time period Governor Evers' Safer at Home Order is in effect and extends those deadlines until forty-five (45) days after the Safer at Home Order is lifted or expires. Judge Pepper's general order applies to this case because discovery is set to close on April 24, 2020. (ECF No. 16.) Therefore, Blank's motion for extension of time is also moot.

Next, on April 8, 2020, Blank filed a "motion to clarify order granting motion to compel." (ECF No. 28.) Blank asks whether it was appropriate for defendant to produce "heavily redacted" inmate grievances in response to his motion to compel. (*Id*.) He further notes that defendant only produced two inmate grievances and he believes this number "is not accurate" given the number of years defendant worked at the Redgranite Correctional Institution. (*Id*.)

Blank did not attach copies of the "heavily redacted" inmate grievances, so I cannot draw conclusions on whether the redacted versions give him the information he needs. Further, Blank does not identify any basis in fact for suspecting that defendant did not produce everything she had. For example, Blank has not

2

identified any inmate grievance that he knows exists but was not produced. Accordingly, I will deny Blank's "motion to clarify order granting motion to compel."

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's "motion to compel and motion for extension of time" (ECF No. 24) is **DENIED**.

**IT IS ORDERED** that the plaintiff's "motion to clarify order granting motion to compel" (ECF No. 28) is **DENIED**.

Dated at Milwaukee, Wisconsin this 15th day of April, 2020.

BY THE COURT:

_s/Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge