# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEREMY BLANK,

    Plaintiff,

v.                                         Case No. 19-cv-534

TAMMY POESCHL,

    Defendant.

## ORDER

*Pro se* plaintiff Jeremy Blank brings his fifth motion to compel. (ECF No. 37.) He seeks:

(1) A copy of § DAI 900.504.04b;
(2) Defendant's gross pay from the three calendar years leading up to September 2018;
(3) A video recording from September 4, 2018;
(4) Information about "insurance coverage" for this case;
(5) Information about conduct reports that defendant issued against other inmates at RCGI regarding law library hour disputes;
(6) Information about who would pay punitive damages in this case; and
(7) Defendant's personnel file.

*See id.*

Defendant has already sent request number three (the video) to Blank at the Jackson Correctional Institution. (ECF No. 40.) Blank asks to withdraw request numbers one, two, four and six. (ECF No. 42.) That leaves in dispute request number five (information about conduct reports issued against other inmates) and

request number seven (defendant's personnel file). Defendant states that conduct reports about other inmates and staff personnel files are not relevant to the issue in this case and pose a security risk. She states that such information can be misused to threaten, harass, or black mail other inmates or institution staff.

Discovery in civil litigation is generally broad, *see* Fed. R. Civ. P. 26(b)(1), but there are reasons the broad rule may not apply in prisoner litigation. One such reason is security concerns. Based on defendant's briefing materials, I am satisfied that conduct reports and personnel files carry a high risk of misuse at a prison and should not be disclosed. Further, Blank has other means of establishing that defendant retaliated against him for lodging an oral complaint about library hours. For example, I have already ordered defendant to produce redacted versions of other inmate complaints filed against defendant for retaliation related to law library hour disputes. (*See* ECF No. 23 at 1-2.) Blank, therefore, does not need information about the conduct reports themselves because the relevant information would be duplicative of what is already in the inmate complaint alleging retaliation. Therefore, I will deny Blank's motion to compel.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to compel (ECF No. 37) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of September, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge